Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CATHERINE COFFMAN,

        Plaintiff,

        vs.

FLIR SYSTEMS, INC., EARL R.
LEWIS, JAMES J. CANNON, JOHN
D. CARTER, WILLIAM W.
CROUCH, CATHERINE A.
HALLIGAN, ANGUS L.
MACDONALD, MICHAEL T.
SMITH, CATHY A. STAUFFER,
ROBERT S. TYRER, JOHN W.
WOOD, JR., and STEVEN E.
WYNNE,

        Defendants.

Case No.

**COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES
LAWS**

JURY TRIAL DEMANDED

     Plaintiff Catherine Coffman ("Plaintiff"), on behalf of herself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to

- 1 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

## NATURE OF THE ACTION

1.      This is an action brought by Plaintiff against FLIR Systems, Inc. ("FLIR" or the "Company") and the members of FLIR's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which FLIR will be acquired by Teledyne Technologies Incorporated ("Teledyne") through its subsidiaries Firework Merger Sub I, Inc. ("Merger Sub I") and Firework Merger Sub II, LLC ("Merger Sub II") (the "Proposed Transaction").

2.      On January 4, 2021, FLIR and Teledyne issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated January 4, 2021 (the "Merger Agreement").  Under the terms of the Merger Agreement, each FLIR stockholder will be entitled to receive: (i) $28.00 in cash, and (ii) 0.0718 shares of Teledyne common stock for each share of FLIR common stock they own (the "Merger Consideration").  The Proposed Transaction is valued at approximately $8 billion.

3.      On March 4, 2021, Teledyne filed a Form S-4 Registration Statement (as amended on March 26, 2021, the "Registration Statement") with the SEC.  The

- 2 -

Registration Statement, which recommends that FLIR stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the financial projections for FLIR and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman"); and (ii) Goldman's and Company insiders' potential conflicts of interest.   Defendants authorized the issuance of the false and misleading Registration Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      In short, unless remedied, FLIR's public stockholders will be irreparably harmed because the Registration Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6.      The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to

- 3 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company maintains offices located in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of FLIR.

9.      Defendant FLIR is a Delaware corporation, with its principal executive offices located at 27700 SW Parkway Avenue, Wilsonville, Oregon 97070 and offices in Santa Barbara and Ventura, California.  The Company is a world-leading industrial technology company focused on intelligent sensing solutions for defense and industrial applications.  FLIR's common stock trades on the NASDAQ Global Select Market under the ticker symbol "FLIR."

10.     Defendant Earl R. Lewis ("Lewis") has been Chairman of the Board since November 2000, and a director of the Company since 1999.  Defendant Lewis previously served as the Company's President and Chief Executive Officer ("CEO") from November 2000 until his retirement in May 2013.

- 4 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

11. Defendant James J. Cannon ("Cannon") has been President, CEO, and a director of the Company since June 2017.

12. Defendant John D. Carter ("Carter") has been a director of the Company since August 2003.

13. Defendant William W. Crouch ("Crouch") has been a director of the Company since May 2005.

14. Defendant Catherine A. Halligan ("Halligan") has been a director of the Company since March 2014.

15. Defendant Angus L. Macdonald ("Macdonald") has been a director of the Company since April 2001.

16. Defendant Michael T. Smith ("Smith") has been a director of the Company since July 2002. Defendant Smith also serves as Lead Director on the Teledyne board, where he has been a director since 2001.

17. Defendant Cathy Stauffer ("Stauffer") has been a director of the Company since March 2014.

18. Defendant Robert S. Tyrer ("Tyrer") has been a director of the Company since October 2017.

19. Defendant John W. Wood, Jr. ("Wood") has been a director of the Company since May 2009.

20. Defendant Steven E. Wynne ("Wynne") has been a director of the Company since November 1999.

- 5 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

21.    Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

22.    Teledyne is a Delaware corporation, with its principal executive offices located at 1049 Camino Dos Rios, Thousand Oaks, California 91360.   Teledyne provides enabling technologies for industrial growth markets that require advanced technology and high reliability.  These markets include aerospace and defense, factory automation, air and water quality environmental monitoring, electronics design and development, oceanographic research, deepwater oil and gas exploration and production, medical imaging and pharmaceutical research.  Teledyne's products include digital imaging sensors, cameras and systems within the visible, infrared and X-ray spectra, monitoring and control instrumentation for marine and environmental applications, harsh environment interconnects, electronic test and measurement equipment, aircraft information management systems, and defense electronics and satellite communication subsystems.  Teledyne also supplies engineered systems for defense, space, environmental and energy applications.  Teledyne's common stock trades on the New York Stock Exchange under the ticker symbol "TDY."

23.    Merger Sub I is a Delaware corporation and wholly owned subsidiary of Teledyne.

24.    Merger Sub II is a Delaware limited liability company and wholly owned subsidiary of Teledyne.

- 6 -

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

25.   FLIR designs, develops, markets, and distributes solutions that detect people, objects and substances that may not be perceived by human senses and improve the way people interact with the world around them.  FLIR brings these innovative technologies into daily life in ways that help save lives and livelihoods.   FLIR technologies include thermal imaging systems, visible-light imaging systems, locater systems, measurement and diagnostic systems, and advanced threat-detection solutions.

26.   Founded in 1978, FLIR is a pioneer in advanced sensors and integrated sensor systems that enable the gathering, measurement, and analysis of critical information through a wide variety of applications in government, industrial and commercial markets worldwide.  FLIR offers a broad range of infrared, also known as thermal, imaging solutions, with products that range from professional-use thermal camera smartphone accessories to highly advanced aircraft-mounted imaging systems for military and search and rescue applications, with products in between serving a multitude of markets, customers, and applications.  As the cost of thermal imaging technology has decreased, FLIR's opportunities to increase the adoption of thermal technology and create new markets for the technology have expanded.  In order to better serve the customers in these markets, FLIR has augmented its thermal product

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

offerings with complementary sensing technologies, such as visible imaging, radar, laser, sonar, chemical sensing, and environmental sensing technologies.

27.     On February 25, 2021, FLIR announced its fourth quarter and full year 2020 financial results, reporting for the quarter: revenue of $524.3 million, up 7% over the prior year fourth quarter, in which revenue was $489.0 million; gross profit for the quarter of $246.5 million, compared to $232.4 million in the prior year quarter; earnings from operations for the quarter of $102.4 million, compared to $54.1 million in the prior year quarter; an increase in operating margin to 19.5% from 11.1% in the prior year quarter; and adjusted gross profit for the quarter of $256.2 million, compared to $248.8 million in the prior year quarter.

28.     For the full year 2020, the Company reported: revenues for the full year of $1,924 million, compared to $1,877 million in the prior year; gross profit for the full year of $947.0 million, compared to $929.4 million in the prior year; and diluted earnings per share ("EPS") of $1.60, compared to $1.26 in the prior year.  Reflecting on the Company's results and looking to the future, defendant Cannon stated:

> FLIR ended 2020 on a strong note with fourth quarter revenue growth of 7% compared to the prior year quarter.  Over the course of the year, we continued to execute on our strategy, delivering new program wins, releasing new, innovative products for our customers, and realizing cost savings from Project Be Ready.  I am very proud of our team's performance.  Their dedication and hard work ensured the pandemic did

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

not have a material impact on our consolidated financial performance, and most importantly, allowed us to meet the needs of our customers throughout this challenging year.

We are entering 2021 with strong momentum, and are confident that our combination with Teledyne will create an even stronger organization. The joining of our companies will provide a broader springboard for growth and innovation to meet the evolving needs of our industrial and defense customers, drive enhanced stockholder value and create new opportunities for our employees.

**The Proposed Transaction**

29.    On January 04, 2021, FLIR and Teledyne issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

THOUSAND OAKS, Calif. and ARLINGTON, Va. – January 4, 2021 – Teledyne Technologies Incorporated (NYSE:TDY) ("Teledyne") and FLIR Systems, Inc. (NASDAQ:FLIR) ("FLIR") jointly announced today that they have entered into a definitive agreement under which Teledyne will acquire FLIR in a cash and stock transaction valued at approximately $8.0 billion.

Under the terms of the agreement, FLIR stockholders will receive $28.00 per share in cash and 0.0718 shares of Teledyne common stock for each

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

FLIR share, which implies a total purchase price of $56.00 per FLIR share based on Teledyne's 5-day volume weighted average price as of December 31, 2020.  The transaction reflects a 40% premium for FLIR stockholders based on FLIR's 30-day volume weighted average price as of December 31, 2020.

As part of the transaction, Teledyne has arranged a $4.5 billion 364-day credit commitment to fund the transaction and refinance certain existing debt.  Teledyne expects to fund the transaction with permanent financing prior to closing.  Net leverage at closing is expected to be approximately 4.0x adjusted pro forma EBITDA with leverage declining to less than 3.0x by the end of 2022.

Teledyne expects the acquisition to be immediately accretive to earnings, excluding transaction costs and intangible asset amortization, and accretive to GAAP earnings in the first full calendar year following the acquisition.

"At the core of both our companies is proprietary sensor technologies. Our business models are also similar: we each provide sensors, cameras and sensor systems to our customers.  However, our technologies and products are uniquely complementary with minimal overlap, having

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

imaging sensors based on different semiconductor technologies for different wavelengths," said Robert Mehrabian, Executive Chairman of Teledyne.  "For two decades, Teledyne has demonstrated its ability to compound earnings and cash flow consistently and predictably.  Together with FLIR and an optimized capital structure, I am confident we shall continue delivering superior returns to our stockholders."

"FLIR's commitment to innovation spanning multiple sensing technologies has allowed our company to grow into the multi-billion-dollar company it is today," said Earl Lewis, Chairman of FLIR.  "With our new partner's platform of complementary technologies, we will be able to continue this trajectory, providing our employees, customers and stockholders even more exciting momentum for growth.  Our Board fully supports this transaction, which delivers immediate value and the opportunity to participate in the upside potential of the combined company."

Jim Cannon, President and Chief Executive Officer of FLIR, said, "We could not be more excited to join forces with Teledyne through this value-creating transaction.  Together, we will offer a uniquely complementary end-to-end portfolio of sensory technologies for all key domains and applications across a well-balanced, global customer base.  We are pleased

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

to be partnering with an organization that shares our focus on continuous innovation and operational excellence, and we look forward to working closely with the Teledyne team as we bring our two companies together to capitalize on the important opportunities ahead."

**Fourth Quarter Financial Results**

In a separate press release issued today, Teledyne announced improved preliminary financial results for the fourth quarter and full year 2020. The Teledyne press release is available on www.teledyne.com. FLIR noted today that it expects to meet or exceed the full year fiscal 2020 guidance it provided on October 30, 2020.

**Approvals and Timing**

The transaction, which has been approved by the boards of directors of both companies, is expected to close in the middle of 2021 subject to the receipt of required regulatory approvals, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, approvals of Teledyne and FLIR stockholders and other customary closing conditions.

**<u>Insiders' Interests in the Proposed Transaction</u>**

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

30.     FLIR insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of FLIR.

31.     Notably, Company insiders stand to reap substantial financial benefits for securing the deal with Teledyne.  Pursuant to the Merger Agreement, all outstanding stock options, restricted stock units ("RSUs"), and performance based restricted stock units ("PRSUs") will vest and convert into the right to receive cash payments.  The following tables summarize the value of options, RSUs, and PSUs held by Company insiders:

| Name | Number of Shares of FLIR Common Stock Underlying FLIR Stock Options | Cash Consideration Payable in Respect of FLIR Stock Options |
|---|---|---|
| **Executive Officers** | | |
| James J. Cannon | 59,372 | $ 1,236,719 |
| Carol P. Lowe | — | $ — |
| Sonia Galindo | — | $ — |
| Paula M. Cooney | — | $ — |
| Jeffrey D. Frank[1] | 5,233 | $ 100,840 |
| Anthony D. Buffum[1] | — | $ — |
| **Non-Employee Directors** | | |
| John D. Carter | 88,676 | $ 2,443,214 |
| William W. Crouch | 34,470 | $ 1,135,167 |
| Catherine A. Halligan | — | $ — |
| Earl R. Lewis | 467,382 | $ 14,354,526 |
| Angus L. MacDonald | — | $ — |
| Michael T. Smith | 88,676 | $ 2,443,214 |
| Cathy Stauffer | 49,306 | $ 1,152,766 |
| Robert S. Tyrer | — | $ — |
| John W. Wood, Jr. | 88,676 | $ 2,443,214 |
| Steven E. Wynne | 67,376 | $ 1,725,404 |

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

| Name | Number of Shares of FLIR Common Stock Underlying FLIR RSUs | Cash Consideration Payable in Respect of FLIR RSUs |
|---|---|---|
| **Executive Officers** | | |
| James J. Cannon | 150,121 | $ 8,406,776 |
| Carol P. Lowe | 58,923 | $ 3,299,688 |
| Sonia Galindo | 33,822 | $ 1,894,032 |
| Paula M. Cooney | 29,156 | $ 1,632,736 |
| Jeffrey D. Frank[1] | — | $ — |
| Anthony D. Buffum[1] | — | $ — |
| **Non-Employee Directors** | | |
| John D. Carter | 11,824 | $ 662,144 |
| William W. Crouch | 5,555 | $ 311,080 |
| Catherine A. Halligan | 8,629 | $ 483,224 |
| Earl R. Lewis | 68,308 | $ 3,825,248 |
| Angus L. MacDonald | 5,555 | $ 311,080 |
| Michael T. Smith | 5,555 | $ 311,080 |
| Cathy Stauffer | 8,750 | $ 490,000 |
| Robert S. Tyrer | 5,555 | $ 311,080 |
| John W. Wood, Jr. | 5,555 | $ 311,080 |
| Steven E. Wynne | 11,824 | $ 662,144 |

| Name | Number of Shares of FLIR Common Stock Underlying FLIR PRSUs | Cash Consideration Payable in Respect of FLIR PRSUs |
|---|---|---|
| **Executive Officers** | | |
| James J. Cannon | 118,927 | $ 6,659,912 |
| Carol P. Lowe | 40,710 | $ 2,279,760 |
| Sonia Galindo | 27,039 | $ 1,514,184 |
| Paula M. Cooney | 4,017 | $ 224,952 |
| Jeffrey D. Frank[1] | 19,169 | $ 1,073,464 |

32. Further, if they are terminated in connection with the Proposed Transaction, FLIR's named executive officers are set to receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Named Executive Officer | Severance Payments Attributable to Salary and Bonus ($) | Value of Accelerated Equity Awards ($) (3) | Health Care Benefits ($) | Total ($)[6] |
|---|---|---|---|---|
| James J. Cannon | 3,864,000[1] | 15,066,688 | 40,776[4] | 18,971,464 |
| Carol P. Lowe | 2,715,620[2] | 5,579,448 | 33,622[5] | 8,328,690 |
| Sonia Galindo | 1,610,916[2] | 3,408,216 | 17,634[5] | 5,036,765 |
| Paula M. Cooney | 1,417,898[2] | 1,857,688 | 17,538[5] | 3,293,125 |
| Jeffrey D. Frank[7] | — | 1,073,464 | — | 1,073,464 |

**The Registration Statement Contains Material Misstatements or Omissions**

- 14 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

33.     The defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to FLIR's stockholders.  The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

34.     Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the financial projections for FLIR and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Goldman; and (ii) Goldman's and Company insiders' potential conflicts of interest.

***Material Omissions Concerning the Financial Projections for FLIR and Goldman's Financial Analyses***

35.     The Registration Statement omits material information regarding the financial projections for FLIR.

36.     For example, the Registration Statement fails to disclose all line items underlying the calculation of (i) unlevered free cash flow, (ii) adjusted EBITDA, and (iii) adjusted EPS.

37.     The Registration Statement also omits material information regarding Goldman's financial analyses.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

38.    The Registration Statement describes Goldman's fairness opinion and the various valuation analyses it performed in support of its opinion.  However, the description of Goldman's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, FLIR's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Goldman's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

39.    With respect to Goldman's *Implied Premia and Multiple Analysis*, the Registration Statement fails to disclose the individual research analyst price targets utilized in the analysis.

40.    With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) quantification of the range of terminal values for FLIR; (ii) quantification of the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; and (iii) Goldman's basis for applying EV/EBITDA multiples of 12.0x to 15.0x in deriving the terminal value of the Company.

41.    With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis* of FLIR and of the *Implied value of Consideration per Company Share*, the Registration Statement fails to disclose: (i) the NTM EPS estimates of FLIR, or clarification that they are the same as the adjusted EPS figures set forth in the

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Company's projections on page 101 of the Registration Statement; and (ii) quantification of the inputs and assumptions underlying the discount rate of 8.25%.

42. The omission of this material information renders the statements in the "Unaudited Prospective Financial Information Used by the FLIR Board of Directors and FLIR's Financial Advisor" and "Opinion of the Company's Financial Advisor" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Goldman's and Company Insiders' Potential Conflicts of Interest***

43. The Registration Statement fails to disclose material information concerning the potential conflicts of interest faced by Goldman.

44. The Registration Statement sets forth that:

Goldman Sachs has provided certain financial advisory and/or underwriting services to FLIR and/or its affiliates from time to time. During the two year period ended December 20, 2020, the Investment Banking Division of Goldman Sachs has not been engaged by FLIR, Teledyne or their respective affiliates to provide financial advisory or underwriting services for which Goldman Sachs has recognized compensation.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Registration Statement at 111.  The Registration Statement fails, however, to set forth the amount of compensation Goldman has received from FLIR for certain financial advisory and/or underwriting services provided.

45.    The Registration Statement further fails to disclose whether any other division of Goldman has performed any services for FLIR or Teledyne in the two years prior to the date of Goldman's fairness opinion and, if so, the details of the services Goldman performed and the amount of compensation Goldman received for such services.

46.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

47.    The Registration Statement also omits material information regarding the potential conflicts of interest faced by Company insiders.

48.    For example, in the January 4, 2021 press release announcing the Proposed Transaction, defendant Cannon is quoted as stating, "We are pleased to be partnering with an organization that shares our focus on continuous innovation and operational excellence, and we look forward to working closely with the Teledyne team as we bring our two companies together to capitalize on the important opportunities ahead."  The Registration Statement fails, however, to disclose the details of any employment and retention-related discussions and negotiations that occurred between Teledyne and FLIR's executive officers, including who participated in all such

- 18 -

communications, when they occurred and their content.  The Registration Statement further fails to disclose whether any of Teledyne's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

49.     The omission of this material information renders the statements in the "Opinion of the Company's Financial Advisor" and "Background of the Mergers" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

50.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of FLIR will be unable to make an informed voting or appraisal decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

51.     Plaintiff repeats all previous allegations as if set forth in full.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

52.     During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

53.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement.  The Registration Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about FLIR's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Goldman, and Goldman's and Company insiders' potential conflicts of interest.  The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

55.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

56.     Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages

- 20 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

inadequate.    Therefore,    injunctive    relief    is    appropriate    to    ensure    defendants'

misconduct is corrected.

### COUNT II

**Claims Against the Individual Defendants for**

**Violations of Section 20(a) of the Exchange Act**

57.    Plaintiff repeats all previous allegations as if set forth in full.

58.    The Individual Defendants acted as controlling persons of FLIR within

the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their

positions as officers and/or directors of FLIR, and participation in and/or awareness of

the Company's operations and/or intimate knowledge of the false statements contained

in the Registration Statement filed with the SEC, they had the power to influence and

control and did influence and control, directly or indirectly, the decision-making of the

Company, including the content and dissemination of the various statements which

Plaintiff contends are false and misleading.

59.    Each of the Individual Defendants was provided with or had unlimited

access to copies of the Registration Statement and other statements alleged by Plaintiff

to be misleading prior to and/or shortly after these statements were issued and had the

ability to prevent the issuance of the statements or cause the statements to be corrected.

60.    In particular, each of the Individual Defendants had direct and supervisory

involvement in the day-to-day operations of the Company, and, therefore, is presumed

to have had the power to control or influence the particular transactions giving rise to

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the securities violations as alleged herein, and exercised the same.  The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Registration Statement.

61.    In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

62.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

63.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, FLIR's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of FLIR, and against defendants, as follows:

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

A.   Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to FLIR stockholders;

B.   In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.   Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.   Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.   Granting such other and further relief as this Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all claims and issues so triable.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1

Dated: April 8, 2021

**WEISSLAW LLP**
Joel E. Elkins

2

3

By: */s/ Joel E. Elkins*

4

Joel E. Elkins

5

9100 Wilshire Blvd. #725 E.
Beverly Hills, CA 90210

6

Telephone:  310/208-2800

7

Facsimile:   310/209-2348
         -and-

8

Richard A. Acocelli

9

1500 Broadway, 16th Floor
New York, NY  10036

10

Telephone: 212/682-3025

11

Facsimile:  212/682-3010

12

*Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS